IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN R. THOMPSON,<br><br>  Plaintiff,<br><br>v.<br><br>ACCELERATED COURIER, INC.,<br><br>  Defendant. | CASE NO.<br>HONORABLE:<br><br>**JURY DEMAND** |

## COMPLAINT

For his Complaint against Accelerated Courier, Inc. ("Defendant"), Plaintiff Jonathan R. Thompson ("Plaintiff") states and alleges upon information and belief, as follows:

### JURISDICTION AND VENUE

1.

This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.

Venue is proper under 28 U.S.C. § 1391, a substantial part of the events or omissions giving rise to the claims occurred in this district. Specifically, the

Plaintiff was paid to perform work at Defendant's Georgia terminal, located at 507 Clark Howell Hwy, Atlanta, GA 30349, which is where Defendant's illegal actions occurred.

## PARTIES

3.

Plaintiff is an adult resident of Smyrna, Georgia and worked for Defendant at 507 Clark Howell Hwy, Atlanta, GA 30349 during the relevant statutory period. Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

4.

Defendant is a domestic corporation with its principal place of business in Atlanta, Georgia. At all times relevant herein, Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.

Defendant maintains control, oversight, and direction over the operation of their facilities, including the employment practices at these facilities, and are engaged in the employment of office and clerical workers, including Plaintiff.

6.

Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b).

7.

Initially, Plaintiff worked for Defendants as a driver and then was moved to a clerical position after a work injury which occurred on or about November 10, 2013.

8.

During the applicable statutory period, Plaintiff routinely worked in excess of forty (40) hours per week as a clerical worker without receiving overtime compensation for all overtime hours worked.

9.

Defendant was aware that Plaintiff was working overtime hours because Plaintiff was paid by the hour and his pay records clearly indicate that he routinely worked in excess of forty hours per week and clearly show that overtime pay was not made.

10.

These practices violate the provisions of the FLSA, 29 U.S.C. § 201, et SCQ. including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a loss of wages.

## COUNT I

## FAIR LABOR STANDARDS ACT

**(Overtime Violations)**

11.

Plaintiff realleges and incorporates the above paragraphs by reference as if fully set forth herein.

12.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

13.

Defendant permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

14.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

15.

Defendant knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

16.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

17.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**PRAYER FOR RELIEF**

18.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

19.

That the practices of Defendant complained of herein be determined and adjudicated to be a violation of the FLSA, 29 U.S.C. § 201 et seq.;

20.

That the practices of Defendant complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

21.

For damages in the amount of Plaintiff's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

22.

That Plaintiffs be granted leave to amend the Complaint to add state law or other federal law claims, if necessary; and

23.

For all such further relief as the Court deems equitable and just.

This the 8th day of December, 2015.

*C. McAleer*

Charles H. McAleer
Georgia Bar Number: 480098
Katherine L. Jackson
Georgia Bar Number: 708638
Attorneys for Plaintiff

The McAleer Law Firm, P.C.
121Church Street
Decatur, GA 30030
(404) 816-7374
(404) 816-7375