IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN R. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 1:15-cv-04258-AT |
| | ) | |
| | ) | JURY DEMANDED |
| ACCELERATED COURIER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Jonathan R. Thompson, and Accelerated Courier, Inc. ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiffs' action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is

supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreements to resolve and release the Plaintiff's FLSA claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiff against his employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding Plaintiff's entitlement to overtime pay.  Plaintiff alleges that he worked more than 40 hours in weeks when he was employed by Defendant and are entitled to overtime pay for those hours.  Defendant states that Plaintiff was properly classified as exempt and contends that Plaintiffs were properly paid as exempt employees and is not entitled to additional overtime pay.

"In reviewing a settlement of an FLSA private claim, the court must scrutinize the settlement for fairness and determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Stalnaker v. Novar Corp.,* 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353, 1355).

The parties exchanged legal positions and payroll information regarding Plaintiff.  Subsequently, the parties negotiated in good faith, and exchanged a series

of settlement proposals. Because of this exchange of information, legal positions, documents, and settlement offers, the parties were able to reach the settlement, which is being presented to the Court today. The parties recognized that the costs associated with continued litigation costs could potentially jeopardize the settlement amounts and delay any payment to Plaintiff.

Accordingly, the Parties voluntarily agreed to the terms of their settlement agreement at the conclusion of the negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement negotiations. The parties maintain this settlement is fair and reasonable resolution of a bona fide FLSA dispute. They reviewed the evidence and the applicable law and have concluded that the settlement of these claims is in the best interest of the Parties.

Contemporaneous with this Motion, the parties are submitting the proposed Settlement Agreement as **Exhibit A**. The parties jointly represent to the Court that this agreement was negotiated in good faith, represents a reasonable and fair compromise, and all parties request the Court approve the settlement.

Based on the foregoing, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

A proposed Order, along with the Settlement Agreement, is being sent to the Court via email contemporaneous with this filing.

                          Respectfully submitted,

                          THE MCALEER LAW FIRM, P.C.

                          BY:   /s/Charles H. McAleer
                          Charles H. McAleer – G.A. BPR 480098
                          Katherine L. Jackson – G.A. BPR 708638
                          *Attorneys for Plaintiff*
                          121 Church Street
                          Decatur, GA 30030
                          (404) 816-7374

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing has been served on:

                          Charles H. Barnett, Esq.
                          Attorney for Defendant
                          P.O. Box 2004
                          Jackson, TN 38302

by electronic means via the Court's electronic filing system and/or by email, on the 27th day of January, 2016.

                          s/ Charles H. McAleer

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN R. THOMPSON, | ) |
| Plaintiff, | ) |
| VS. | ) CIVIL ACTION NO. 1:15-cv-04258-AT |
|  | ) JURY DEMANDED |
| ACCELERATED COURIER, INC., | ) |
| Defendant. | ) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This General Release and Settlement Agreement ("Agreement") is entered into and between **JONATHAN R. THOMPSON** (the "Plaintiff"), and **ACCELERATED COURIER, INC.** (hereinafter referred to as "Defendant").

### RECITALS

A. Defendant desires to provide certain consideration to Plaintiff in return for a final and complete resolution, with prejudice, of any and all matters between them relating to claims arising out of or related to the allegations contained in the Complaint, *Jonathan R. Thompson v. Accelerated Courier, Inc., Case No. 1:15-cv-04258-AT* in the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter referred to as "FLSA Action").

B. Plaintiff has made certain allegations concerning his employment with Defendant regarding Defendant's alleged failure to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

C. Defendant has denied that it has any liability for failing to pay overtime compensation to Plaintiffs and further states that it has paid Plaintiffs in accordance with all applicable law.

D. The parties have participated in settlement negotiations. As a result of these negotiations, the parties have agreed to settle the FLSA Action according to the terms of this agreement.

E. The parties have investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the FLSA claims asserted against the Defendant. Based on Plaintiffs' Counsel's investigation, legal evaluation and taking into account the contested legal and factual issues involved, including the parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the Plaintiff, the

EXHIBIT A

Plaintiff has concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of Plaintiff.

F. The parties recognize that Court approval of the settlement is required to effectuate this Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants approval of this Settlement Agreement.

**NOW, THEREFORE**, the parties, in consideration of the above and the agreements and covenants herein, agree as follows:

1. **Payment.** As consideration for Plaintiff's execution of this Agreement, Defendant shall pay to the Plaintiff an amount equal to a total of **$21,168.22** ("**Amount**"), which will be divided as follows:

    (1) Check made payable to Jonathan Thompson in the amount of **$8709.11**, minus deductions for applicable taxes, which will be reported by Defendant in IRS form W-2(b),

    (2) Check made payable to Jonathan Thompson in the lump sum amount of **$4903.04** for Dawson's disputed claim for liquidated damages. Defendant shall issue an IRS Form 1099 to Plaintiff for this amount.

    (3) Check made payable to McAleer Law Firm PC as attorney fees and expenses in the amount of **$7,556.07**. Defendant will issue an IRS Form 1099 solely in this amount to McAleer Law Firm PC.

    Plaintiff is responsible for taxes for amounts paid to him, if any, other than those withheld by Defendant, and agree to indemnify Defendant of any tax liability. Plaintiff expressly understands and agrees that (i) Defendant shall not be required to make any further payment, for any reason whatsoever, to Plaintiff regarding any claim or right whatsoever which might possibly be asserted by Plaintiff, and (ii) Defendant, by entering into this Agreement, in no way admits that it treated Plaintiff unlawfully or unfairly in any way. Plaintiff acknowledges that this Agreement is not an admission of liability or fault by Defendant, which expressly denies liability and fault.

2. **Plaintiff Release.** In consideration of the Payments in Section 1 and other good and valuable consideration, the receipt and sufficiency of which Plaintiff hereby acknowledges, Plaintiff releases and forever discharge Defendant, its respective affiliates, officers, directors, employees, successors, agents, attorneys, insurer(s), and assigns ("**Released Parties**"), from any and all claims, demands, obligations, or liabilities for injuries, death, losses and damages, whether personal, property or economic, whether now known or unknown, in any way arising out of or related to his employment with Defendant, the terms and conditions of that employment, the termination of employment including but not limited to claims of a violation of the Fair Labor Standards Act, and/or any other state or federal wage and hour law, whether statutory or common law in connection to his employment with Defendant. Plaintiff represents that he has not filed or caused to be filed any charge with respect to any claim this Agreement purports to waive, and he promises never to file or prosecute any lawsuit, complaint, claim for damages, or charge based on

such claims. This release includes, but is not limited to, those claims that were asserted or could have been asserted in the FLSA action, and Plaintiff agrees to file a stipulation of dismissal with prejudice in that action. Plaintiff will be responsible for any and all costs and fees associated with the FLSA action.

Plaintiff understands that the claims ("**Released Matters**") he is releasing may arise under various laws and under any possible legal, equitable, statutory, common law, contract, or tort theory, including, but not limited to:

2.1     Anti-discrimination statutes, such as the Age Discrimination in Employment Act ("ADEA"), and the Older Workers Benefit Protection Act, which prohibit age discrimination in employment; Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, which prohibit discrimination or harassment based on race, color, national origin, religion, or sex; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With Disabilities Act and/or Americans with Disabilities Act Amendments Act, which prohibits discrimination based on disability; Genetic Information Non-Discrimination Act, the Georgia Fair Employment Practices Act, which prohibits discrimination based on race, color, religion, sex, national origin, age, handicap, or marital status; whistleblower statutes, retaliatory discharge, and any other federal, state, or local law prohibiting employment discrimination, harassment, or retaliation of any kind.

2.2     Other laws, such as any federal, state, or local laws including, but not limiting those laws restricting an employer's right to terminate employees, or otherwise regulating employment; any federal, state, or local laws enforcing express or implied employment contracts or requiring employers to deal with employees fairly or in good faith; and any wage payment and collection law including, but not limited to laws related to enforcement or compensation for unemployment benefits. Included in this release is Plaintiff's release of any claim or cause of action that Plaintiff may have against Released Parties under the MSP Statute, including any private cause of action under 42 U.S.C. §1395y(b)(3)(A).

2.3     Tort and contract claims, such as claims for wrongful or constructive discharge, negligence, negligent hiring, supervision, and/or retention, physical or personal injury, emotional distress (intentional and negligent), fraud, fraud in the inducement, negligent misrepresentation, defamation, invasion of privacy, interference with contract or with prospective economic advantage, breach of oral, express or implied contract, breach of covenants of good faith and fair dealing, and similar or related claims.

2.4     Other released claims, include, without limitation, claims: (i) for compensation, stock options, bonuses, or lost wages; (ii) in any way related to design or administration of any employee benefit program; (iii) for severance or similar benefits or for post-employment health or group insurance benefits; or (iv) for fees, costs, or expenses of any attorneys who represent or have represented Plaintiff.

2.5     Unknown claims: Plaintiff understands that he is releasing the Released Parties from claims that he may not know about as of the date hereof and that this is his knowing and voluntary intent even though someday he might learn that some or all of the facts he

currently believes to be true are untrue and even though he might then regret having signed this Agreement. Plaintiff is expressly assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims, and Plaintiff understands the significance of doing so.

Plaintiff has relied upon the advice of Plaintiff's Counsel with respect to all aspects of this Agreement, including but not limited to the terms of and obligations arising under MMSEA, the MSP Statute, and CMS regulations. It is understood and agreed that no mistake of law or mistake of fact, including but not limited to any mistake with respect to any obligation to reimburse Medicare for Conditional Payments or any mistake with respect to the amount of such obligation, shall constitute a basis for rescission or reformation or render any of portion of this Agreement void or voidable.

2.6 No Eligibility for Rehire: Plaintiff represents and warrants that he will not seek or apply for reemployment or any contractual relationship with Defendant, or any of Defendant's subsidiaries, and/or successors as of the date of signing this agreement or at any time in the future.

3. **Representations/Warranties.** Plaintiffs represents, warrants, and covenants that he has not sold, assigned, or transferred any claim they are purporting to release, nor attempted to do so; Plaintiffs relied on the advice of attorneys of his choice concerning legal and tax consequences; this Agreement has been completely read and explained to Plaintiff by his attorney; and Plaintiff fully understands and voluntarily accepts the terms of the Agreement.

4. **No Admission of Liability.** It is fully understood that the payment and acceptance of the Payments in Section 1 is in full accord, satisfaction, and compromise of a disputed claim, and that the Released Parties deny any liability in connection with the aforesaid matters, and that the Payments in Section 1 are in no way to be considered as an admission of liability.

5. **Entire Agreement/Severability.** This Agreement contains the entire agreement of and supersedes all prior discussions, negotiations, or agreements between the Parties. The Parties have not relied on any promise, representation, or warranty not expressly set forth herein. In the event that any word, phrase, sentence or provision violates any applicable statute, ordinance, or rule of law in any applicable jurisdiction, such provision shall be ineffective to the extent of such violation without invalidating any other provisions herein.

6. **Counterparts.** This Agreement may be signed in two (2) counterparts, each of which shall be deemed an original when signed and shall constitute the same instrument. The Parties agree that signatures that are faxed, or scanned or sent by electronic mail, shall be considered original signatures for purposes of executing this Agreement.

7. **Non-disparagement.** Plaintiff agrees that he will not in any way disparage or harass Released Parties, in any manner specifically including but not limited to postings on Facebook, Twitter or any other social media, e-mails, or any other type of communication whatsoever. It is acknowledged that the non-disparagement clause contained in this

agreement is not ancillary but are a significant material consideration of this settlement agreement requiring strict adherence and breach of this term is a material breach of this agreement.

8. **Remedies for Breach**. It is understood and agreed that Released Parties have relied expressly upon the promises, representations, and warranties made by Plaintiff in this Agreement; any breach of such promises, representations, and warranties would constitute a material breach of this Agreement; and in the event of any such breach, Released Parties shall be entitled to any and all of the following relief: (a) the immediate repayment to Released Parties of the full Settlement Amount hereunder; (b) specific enforcement of all promises and undertakings made by Plaintiff hereunder; and (c) all other relief and damages available at law or in equity.

IN WITNESS WHEREOF, each of the Parties have executed on the dates set forth below.

DATED: 1-27, 2016    By: *Jonathan R Thompson*
                         JONATHAN THOMPSON

DATED: Jan 25, 2016   ACCELERATED COURIER, INC.

                      By: *[signature]*